UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DR. LAVAL S. WILSON,

|                                    |                            |
|------------------------------------|----------------------------|
| Plaintiff,                         | State Index No.: 2014-50367 |
|                                    | Dutchess County             |
| -against-                          |                            |
|                                    | **14 CV 5467**              |
| POUGHKEEPSIE CITY SCHOOL DISTRICT, | CIV. CASE NO.: _____      |
|                                    |                            |
| Defendant.                         | JUDGE BRICCETTI             |

-------------------------------------------------------------------X

## NOTICE OF REMOVAL

Defendant, POUGHKEEPSIE CITY SCHOOL DISTRICT ("PCSD") by and

through its counsel, Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC,

pursuant to 28 U.S.C. §1441, *et seq.*, hereby gives notice of removal to the United States

District Court for the Southern District of New York, White Plains Division, of this

proceeding, filed in the Supreme Court of the State of New York, County of Dutchess,

under the New York State Court caption of *Dr. Laval S. Wilson v. Poughkeepsie City*

*School District, Index No. 2014-50367*. Defendant PCSD further states as follows:

### JURISDICTION & GROUNDS FOR REMOVAL

1.      The Complaint filed in New York State Court, annexed hereto and made

part hereof as Exhibit "A" pursuant to 28 U.S.C. §1446(a), asserts civil rights claims

brought under 42 U.S.C. §1983 for, *inter alia*, alleged violations of plaintiff's civil rights

under the United States Constitution. Accordingly, removal of this action from the New

York State Court to the United States District Court pursuant to the terms and provisions

of 28 U.S.C. §1441, *et seq.* is proper under principles of federal question jurisdiction

pursuant to 28 U.S.C. §1331.

2.      Upon information and belief, defendant PCSD received a copy of the Complaint on or about July 8, 2014. Therefore, this Notice of Removal is timely filed within 30 days after receipt of the Complaint pursuant to 28 U.S.C. §1446(b)(3).

3.      The PCSD is the sole defendant identified in the Complaint, and there are no known co-defendants or other named parties hereto, therefore rendering inapplicable the terms and provisions of 28 U.S.C. §1446(b)(2)(A).

4.      Notice of the filing hereof is hereby given to counsel of record for the plaintiff, and to the Clerk of the New York State Court in accordance with the provisions of 28 U.S.C. §1446(d) as set forth in the annexed Affidavit of Service.

5.      Pursuant to 28 U.S.C. §1446(a), copies of the relevant process, pleadings and orders served on the removing defendant are annexed hereto:

Exhibit "A": Summons with Complaint

**WHEREFORE**, the removing defendant, Poughkeepsie City School District, hereby respectfully requests that this Court accept removal of this case upon the filing of this Notice of Removal, assign a Judge and civil case number, and open this matter on this Court's ECF filing system.

Dated: July 18, 2014
       New Windsor, New York

                                   Respectfully Submitted:

                                   DRAKE, LOEB, HELLER, KENNEDY,
                                   GOGERTY, GABA & RODD PLLC

                           By: _____
                                   NICHOLAS A. PASCALE, ESQ. (NP5766)
                                   *Attorneys for Defendant*
                                   555 Hudson Valley Avenue, Suite 100
                                   New Windsor, New York 12553
                                   Tel. No.: (845) 561-0550

UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DR. LAVAL S. WILSON,

|  |  |
|---|---|
| Plaintiff, | State Index No.: 2014-50367<br>Dutchess County |
| -against- | **AFFIDAVIT OF SERVICE** |
| POUGHKEEPSIE CITY SCHOOL DISTRICT, | CIV. CASE NO.: _____ |
| Defendant. | |

------------------------------------------------------------------X

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF ORANGE    )

NICHOLAS A. PASCALE, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age and maintain a law office in New Windsor, New York. On July 18, 2014, I served a true copy of the annexed NOTICE OF REMOVAL with exhibits in the following manner: By mailing the same in a sealed envelope, *via* Federal Express Overnight Delivery pursuant to Local Rule 5.3, with postage prepaid thereon, in an official depository within the State of New York, addressed to the last known address of the addressee(s) as indicated below and by filing a copy of same on the NYSCEF electronic filing system:

TO:

    Corbally, Gartland & Rappelyea, LLP
    Attn: William W. Frame, Esq.
    35 Market Street
    Poughkeepsie, New York 12601

    Dutchess County Clerk
    22 Market Street
    Poughkeepsie, New York 12601

Sworn to before me this
18th day of July, 2014.

_____
Notary Public

MARIAN L. LUONGO
Notary Public, State of New York
Qualified in Orange County
Registration # 01LU6209938
Commission Expires August 3, 2017

_____
NICHOLAS A. PASCALE

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** __DUTCHESS__
-----------------------------------------------------x

DR. LAVAL S. WILSON,

        Plaintiff(s)/Petitioner(s),

      - against -

POUGHKEEPSIE CITY SCHOOL DISTRICT,

        Defendant(s)/Respondent(s)
-----------------------------------------------------x

Index No. __2014-50367__

RECEIVED
JUL - 8 2014
POUGHKEEPSIE CITY SCHOOL DISTRICT
DISTRICT CLERK

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

**Instructions**

1.  Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.  Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.  Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.  For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: __7/2/14__

S/William W. Frame (Signature)          __845-454-1110__ (Phone)

William W. Frame (Name)                  __845-471-4593__ (Fax)
Corbally, Gartland and
Rappleyea, LLP (Firm)                    wwf@cgrlaw.com (E-mail)
35 Market Street
Poughkeepsie, NY 12601 (Address)

Attorney(s) for __Plaintiff__

2/11/13

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------------------X
DR. LAVAL S. WILSON,

                                        Plaintiff,

                    -against-

POUGHKEEPSIE CITY SCHOOL DISTRICT,

                                        Defendant.
-----------------------------------------------------------------X

**SUMMONS**

Index No.: 2014 - 50367

To the above named Defendant:

    ***You are hereby summoned*** to answer the complaint in this action and to serve a copy of

your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,

exclusive of the date of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded herein.

    The Plaintiff designates Dutchess County as the place of trial of this action.  The basis of

the venue designated is the Defendant's place of business.

Dated: Poughkeepsie, New York
      June 23, 2014

              Your etc.,

              **Corbally, Gartland and Rappleyea, LLP**

              By: _____

                  William W. Frame, Esq.
                  Attorneys for Plaintiff
                  35 Market Street
                  Poughkeepsie, NY 12601
                  (845) 454-1110

TO:     POUGHKEEPSIE CITY SCHOOL DISTRICT
        11 College Avenue
        Poughkeepsie, NY 12603

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------------------X
DR. LAVAL S. WILSON,

<table>
<tr><td></td><td></td></tr>
</table>

|  |  |
|---|---|
| Plaintiff, | **VERIFIED COMPLAINT** |
| -against- | |
| POUGHKEEPSIE CITY SCHOOL DISTRICT, | Index No.: 80\A - 50367 |
| Defendant. | |

-----------------------------------------------------------------X

The Plaintiff, DR. LAVAL S. WILSON (hereinafter the "Plaintiff"), by and through his

attorneys, Corbally, Gartland & Rappleyea, LLP, as and for his Verified Complaint against the

Defendant, POUGHKEEPSIE CITY SCHOOL DISTRICT (hereinafter the "Defendant"), alleges

the following:

1.      At all times hereinafter mentioned, the Plaintiff was and still is resident County of

Passaic, State of New Jersey.

2.      At all times hereinafter mentioned, upon information and belief, the Defendant

was and still is a public school district organized and operating under the Educational Law of the

State of New York.

3.      The nature of the claim is for a violation of 42 U.S.C. §1983 and for breach of

contract.

4.      From in or about 2006 until June 30, 2013, the Plaintiff was employed by the

Defendant as the Defendant's district superintendent, for seven (7) years.

5.      In that regard, on or about April 26, 2006, the Plaintiff and the Defendant entered

into an employment agreement (hereinafter the "Agreement").

1

6.      Throughout the course of the Plaintiff's employment with the Defendant, the parties agreed to several addendums to the Agreement, which modified the terms thereof.

7.      Pursuant to the Agreement, as well as the addendums thereto, the Plaintiff was entitled to accumulate five (5) paid vacation days for every year he was employed by the Defendant, for which he would be reimbursed upon his retirement.

8.      Following the 2011-2012 school year, in or about July 2012, the Plaintiff was given a negative performance evaluation by the Defendant and received a letter of discipline.

9.      The aforesaid evaluation and letter of discipline were based upon improper employment guidelines, personal bias, and misguided legal advice provided to the Defendant by its counsel and board members.

10.     The Plaintiff had never received prior to the aforesaid evaluation and letter of discipline.

11.     Upon information and belief, the aforementioned evaluation and letter of discipline were motivated by the Plaintiff's comments regarding the unauthorized access to the Defendant's by a child of a board member of the Defendant.

12.     Specifically, the Plaintiff voiced concern and criticism to the Defendant's board over the use of school property in a non-sanctioned track event by the son of Raymond Duncan, a board member.

13.     Upon information and belief, the aforementioned evaluation and letter of discipline were also motivated by the Plaintiff's disagreement with legal advice provided to the Defendant regarding State mandated evaluations, which legal advice was wrong and inapplicable.

2

14.    Specifically, the Plaintiff disagreed with the Defendant's counsel over the applicability and implementation of annual professional performance reviews for classroom teachers and building principals as required by 3012-c of the Education Law of the State of New York

15.    As a result of the foregoing, the Defendant created a hostile work environment, which made it difficult for the Plaintiff to perform his duties pursuant to the Agreement.

16.    As a result of the foregoing, on or about June 30, 2013, the Plaintiff retired from his employment with the Defendant.

17.    At the time of his retirement, pursuant to the Agreement, as well as the addendums thereto, the Plaintiff was entitled to reimbursement by the Defendant for thirty-seven (37) vacation days.

18.    Notwithstanding the foregoing, upon his retirement, the Defendant advised the Plaintiff that he would only be reimbursed for fifteen (15) vacation days.

19.    In making such determination, the Poughkeepsie City School District failed to account for the applicable contractual language that allowed the claimant to "carry over" five (5) vacation days for every year he was employed.

20.    Instead, the District relied on inapplicable contractual language, which had been amended, in an attempt to limit the Claimant's rights.

21.    On or about September 18, 2013, within three (3) months after his claim against the Defendant arose, the Plaintiff, pursuant to Section 3813(1) of the Education Law of the State of New York, caused a notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the Defendant.

3

22.     At least thirty (30) days have elapsed since the service of said notice, to which the Defendant has neglected to respond.

### AS AND FOR A FIRST CAUSE OF ACTION

23.     The Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "22" of this verified complaint as if set forth at length herein.

24.     As a result of the foregoing, the Defendant is in breach of the Agreement.

25.     As a result of the Defendant's breach of the Agreement, the Plaintiff has been damaged in the amount of $20,240.00, together with interest thereon from June 30, 2013.

26.     As a result of the Defendant's breach of the Agreement, the Plaintiff is entitled to a judgment against the Defendant in the amount of $20,240.00, together with interest thereon from June 30, 2013.

### AS AND FOR A SECOND CAUSE OF ACTION

27.     The Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "26" of this verified complaint as if set forth at length herein.

28.     The Defendant disciplined the Plaintiff solely due to his concerns and criticisms of the Defendant, its counsel and board members, as described above.

29.     In so doing, the Defendant was acting under the color of law.

30.     As a result of the foregoing, the Defendant disciplined the Plaintiff solely for expressing his constitutionally-protected concerns and criticisms.

31.     As a result of the foregoing, the Defendant violated the Plaintiff's rights under 42 U.S.C. §1983.

4

32      As a result, the Plaintiff is entitled to an award of damages and attorney's fees as well as a retraction of the aforesaid evaluation and letter of discipline.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant as follows:

1.      As and for his first cause of action, the Plaintiff demands judgment against the Defendant in the amount of $20,420.00 with interest thereon from June 30, 2012;

2.      As and for his second cause of action, the Plaintiff demands judgment against the Defendant in an amount to be determined at trial but in excess of jurisdictional requirement as well as a retraction of the aforesaid evaluation and letter of discipline;

3.      An award of costs, disbursements, and reasonable attorneys' fees; and

4.      Such other and further relief as the Court deems just and proper.

Dated: Poughkeepsie, New York
       June 23, 2014

                        Yours, etc.

                        **CORBALLY, GARTLAND AND RAPPLEYEA, LLP**


        By: _____
                        William W. Frame, Esq.
                        Attorneys for Plaintiff
                        35 Market Street
                        Poughkeepsie, NY 12601
                        Tel. No. (845) 454-1110

5

## VERIFICATION

**STATE OF NEW YORK** )
                             )ss:
**COUNTY OF DUTCHESS** )

    William W. Frame, being duly sworn, says: I am the attorney for the Plaintiff, DR. LAVAL S. WILSON, in the action herein; I have read the annexed verified complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. I make this verification pursuant to the CPLR as the Plaintiff resides outside of the County in which I maintain my office.

                                  **WILLIAM W. FRAME**

Sworn to before me this
24th day of June 2014.

_Cindy S. Langiu_
Notary Public

CINDY S. LANGIU
Notary Public, State of New York
No. 4910631
Qualified in Dutchess County
Commission Expires Nov. 16, 19 2017

6

CORBALLY, GARTLAND AND RAPPLEYEA, LLP   •   *ATTORNEYS AND COUNSELORS AT LAW*
35 MARKET STREET   •   POUGHKEEPSIE, NEW YORK 12601   •   (845) 454-1110